```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :
             -v-                                                 :    15 Cr. 607 (JPC)
                                                                 :
EDWIN MOYE,                                                      :    MEMORANDUM OPINION
                                                                 :         AND ORDER
                           Defendant.                            :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Defendant Edwin Moye is a federal inmate who moves for compassionate release from prison because of the COVID-19 pandemic. For the reasons that follow, the Court finds that Moye has failed to show "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). And even if Moye had made that showing, several section 3553(a) factors weigh heavily against releasing him early from prison. The Court therefore denies Moye's motion for compassionate release.

## I. Background

From 2012 to September 2015, Moye was a member of the Leland Avenue Crew, a violent gang in the Bronx, New York. Dkt. 176 ("PSR") ¶ 15. The Leland Avenue Crew distributed cocaine base, commonly known as crack cocaine, and committed acts of violence against rival gang members, including murder and attempted murder. *Id.* ¶¶ 16-21. Moye himself distributed crack cocaine on Leland Avenue and used a firearm in narcotics trafficking. *Id.* ¶ 31. In addition, on March 28, 2013, Moye and Marquise Rochester, another Leland Avenue Crew member, were involved in the attempted murder of a rival gang member. *Id.* ¶¶ 22, 24, 31. Moye and Rochester approached their victim, chased him, and either Moye or Rochester shot their victim, with the

bullet passing through his leg. *Id.* ¶¶ 24, 31. With their victim on the ground, either Moye or Rochester hit him over the head with an object before fleeing. *Id.*

On October 24, 2016, Moye pleaded guilty to one count of conspiracy to engage in racketeering, in violation of 18 U.S.C. § 1962(d), and one count of discharging a firearm in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A)(iii). *Id.* at 7; Dkt. 139 at 10. As part of his plea agreement, Moye and the Government agreed to an offense level of 29 on Count One. PSR ¶ 6. The second count carried a consecutive mandatory minimum sentence of five years. *Id.* With a Criminal History Category of V, the resulting advisory Guidelines range was 200 to 235 months' imprisonment. *Id.*

At sentencing, the Honorable William H. Pauley III similarly calculated a Guidelines range of 200 to 235 months' imprisonment. Dkt. 251 ("Sentencing Tr.") at 12-13. Judge Pauley noted the seriousness of Moye's offense, explaining that Moye's Leland Avenue Crew "created ma[y]hem in and around Leland Avenue fighting with the Taylor Avenue Crew over customers and a pattern of escalating violence involving murders on both sides." *Id.* at 13. Judge Pauley further cited Moye's "personal[] involve[ment] in the shooting of a Taylor Avenue Crew member and participat[ion] in a robbery in the Port Chester apartments." *Id.* Judge Pauley further noted Moye's troubling criminal history. *Id.* Judge Pauley commented that Moye, who was 27 years old at the time, yet had been "in and out of jail" for the prior eleven years, reflecting "a decade-long pattern of criminal conduct." *Id.* Applying the section 3553(a) factors, Judge Pauley then sentenced Moye to 156 months in prison, reflecting 96 months on Count One and a consecutive 60 months on Count Two, to be followed by a five-year term of supervised release. *Id.* at 15.

Moye is incarcerated at United States Penitentiary, Hazelton in Bruceton Mills, West Virginia ("USP Hazelton"). Dkt. 291 ("Motion") at 8. On January 29, 2021, he moved for

compassionate release, proceeding *pro se*. He claims to have previously petitioned the warden at Hazelton on October 8, 2020 for the same. *Id.* at 1.[1] The Government opposes the motion, arguing that Moye "cannot meet the threshold requirement of establishing extraordinary and compelling circumstances." Opposition at 1. This case was reassigned to the undersigned on July 6, 2021.

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), defendants may seek compassionate release from prison. *United States v. Thomas*, No. 15 Cr. 667 (KPF), 2020 WL 6364677, at *4 (S.D.N.Y. Oct. 29, 2020). After the First Step Act, district courts now face two questions in resolving these motions: (1) whether extraordinary and compelling circumstances merit reducing the sentence and (2) whether the applicable section 3553(a) factors warrant the reduction. *See United States v. Pabon*, No. 17 Cr. 312 (JPC), 2021 WL 603269, at *2 (S.D.N.Y. Feb. 16, 2021). In doing so, the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 no longer limits district courts. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Instead, courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.*

To justify compassionate release, the defendant must "show that he is eligible for and deserving of compassionate release." *United States v. Newton*, No. 18 Cr. 373 (RJS), 2021 WL 321847, at *2 (S.D.N.Y. Feb. 1, 2021). But even if a defendant makes that showing, "[a] court is not required to reduce a sentence on compassionate release grounds" because the decision "rests in the discretion of the court." *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020).

---

[1] The Government contends that USP Hazelton lacks a record of the request to the warden. Dkt. 292 ("Opposition") at 4. Because exhaustion would not affect the Court's disposition, it assumes without deciding that Moye properly exhausted.

### III.  Discussion

#### A.  Extraordinary and Compelling Reasons

While Moye seeks compassionate release due to the COVID pandemic, he does not point to any underlying health conditions that exacerbate the risk he faces from the virus.  Instead, he marshals evidence of the unique problems the virus creates for prisons and prisoners, *see* Motion at 4, and argues that the protocols at USP Hazelton to address the pandemic have resulted in inmate isolation and modified operations, *id.* at 5-8.

The Court disagrees that the pandemic alone entitles Moye to compassionate release.  Many courts have found that "the risks posed by the [COVID-19] pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease."  *United States v. Nwankwo*, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases); *see also Pabon*, 2021 WL 603269, at *1; *Thomas*, 2020 WL 6364677, at *4.  Here, Moye has failed to show such additional factors.

It appears that Moye is a healthy young man, only 31 years old, and he points to no underlying health condition that places him at a greater risk of serious illness were he to contract COVID-19.  *See United States v. Mason*, No. 96 Cr. 126 (JFK), 2021 WL 37576, at *3 (S.D.N.Y. Jan. 5, 2021) (recognizing that the CDC has warned that COVID-19 is especially risky for individuals age 65 and older); *Pabon*, 2021 WL 603269, at *4 (same).  And infection rates are low at USP Hazelton.  According to the Federal Bureau of Prisons, no inmates and only five staff members have COVID-19 infections as of October 15, 2021.  Fed. Bureau of Prisons, *COVID-19 Cases*, http://www.bop.gov/coronavirus (last visited Oct. 15, 2021).  And "[t]he Bureau of Prisons has also taken substantial steps to mitigate the risks that COVID-19 presents."  *United States v.*

4

*Rollins*, No. 13 Cr. 362 (JPC), 2021 WL 4664923, at *3 (S.D.N.Y. Oct. 6, 2021).  It is therefore unclear whether Moye would have any lower chance of catching COVID-19 if released.  Moye has thus failed to show "that any risk related to COVID-19 constitutes an 'extraordinary and compelling' reason justifying his early release from prison."  *Pabon*, 2021 WL 603269, at *4; *see also United States v. Kiel*, No. 13 Cr. 51 (LG) (RHW), 2021 WL 4037839, at *2 (S.D. Miss. Sept. 3, 2021) (denying compassionate release to an inmate at USP Hazelton).

In sum, the Court has considered all the reasons mentioned above and any others that Moye raises in passing in his motion papers, both individually and collectively, and finds that no extraordinary or compelling reason justifies releasing him from prison.

**B. Section 3553(a) Sentencing Considerations**

But even if Moye had shown "extraordinary and compelling reasons" for compassionate release, the Court would still deny his motion because the section 3553(a) factors weigh heavily against his early release from prison.  The following section 3553(a) factors in particular warrant keeping Moye's sentence of imprisonment intact: (1) "the nature and circumstances of the offense," (2) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (3) the need "to afford adequate deterrence to criminal conduct," and (4) the need "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (2)(A)-(C).

To begin with, Judge Pauley emphasized at sentencing the "very serious" nature of Moye's offense.  Sentencing Tr. at 12.  Moye's Leland Avenue Crew "created ma[y]hem . . . and a pattern of escalating violence involving murders on both sides" of its rivalry with the Taylor Avenue Crew.  *Id.* at 13.  Moye himself trafficked crack cocaine and was involved in a shooting of a Taylor Avenue Crew member.  *Id.* at 12-13.

Moye's long criminal history also counsels against releasing him. Moye's criminal history includes eight convictions, including the instant conviction and one for manslaughter. *See* PSR ¶¶ 64-70 (listing seven convictions besides his current one). As Judge Pauley put it: "For the last 11 years [Moye] has been in and out of jail and charged with various crimes, some of them quite serious and others not necessarily so serious; but just a pattern, a decade-long pattern of criminal conduct." Sentencing Tr. at 13.

Moye's behavior while incarcerated also shows a risk of recidivism upon release from custody. While incarcerated before sentencing, Moye was involved in ten disciplinary incidents. PSR ¶ 14; *see also* Sentencing Tr. at 14. Moye's disciplinary records since show continued problems, including possession of a dangerous weapon in prison in October 2020. *See* Opposition, Exh. 1 at 1.

The section 3553(a) factors therefore compel the conclusion that Moye should not be released early from his imposed sentence. Anything less would undermine the important interests that Judge Pauley properly recognized at sentencing, including the seriousness of Moye's crime, as well as the need for just punishment for the offense, for specific deterrence, and to protect society from Moye committing further crimes.

### IV. Conclusion

For the above reasons, the Court denies Moye's motion for compassionate release. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 291 and to mail a copy of this Memorandum Opinion and Order to Moye.

SO ORDERED.

Dated: October 16, 2021
       New York, New York

                                                        _____
                                                        JOHN P. CRONAN
                                                        United States District Judge