UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
EDWIN MOYE,                                                            :
                                                                       :
                  Movant,                                  :      15 Cr. 607 (JPC)
                                                                       :      20 Civ. 3059 (JPC)
      -v-                                                              :
                                                                       :      <u>OPINION</u>
UNITED STATES OF AMERICA,                                              :      <u>AND ORDER</u>
                                                                       :
                  Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In October 2016, Edwin Moye pleaded guilty to, first, participating in a racketeering conspiracy, and second, committing a firearms offense relating to both the racketeering conspiracy and a drug trafficking crime. The second offense was in violation of 18 U.S.C. § 924(c)(1)(A) and therefore carried a mandatory consecutive sentence of sixty months' imprisonment. In September 2017, Moye was sentenced to a total term of 156 months' imprisonment. Moye now moves to vacate his sentence, arguing that his section 924(c) conviction rested on that statute's since-invalidated "Residual Clause." While the Supreme Court did invalidate the Residual Clause in *United States v. Davis*, 139 S. Ct. 2319 (2019), Moye's section 924(c) conviction also was predicated on a different prong of section 924(c) for drug trafficking crimes, which remains valid. His motion is thus denied.

## I. Background

Moye was a member of the Leland Avenue Crew, a violent gang that operated in the vicinity of Leland Avenue in the Bronx. Presentence Investigative Report ("PSR") ¶¶ 15-21. From at least 2012 through September 2015, members and associates of the Leland Avenue Crew

sold cocaine base, commonly known as "crack cocaine," often resorting to violence, including shootings and murders, to protect their turf from rival drug dealers. *Id.*. One of those rivals, a gang known as the Taylor Avenue Crew, controlled the distribution of crack cocaine in the vicinity of nearby Taylor Avenue. *Id.* ¶¶ 15, 17. A violent rivalry developed between the Leland Avenue Crew and the Taylor Avenue Crew as a result of their proximity and competing drug businesses. *Id.* ¶ 17.

Moye personally distributed crack cocaine on Leland Avenue, working closely with other gang members. *Id.* ¶ 31. And on at least one occasion, Moye himself engaged in violence on behalf of his gang. *Id*. On March 28, 2013, Moye and another gang member, Marquise Rochester, participated in the shooting of a rival from the Taylor Avenue Crew. *Id.* ¶¶ 24, 31. Moye and Rochester approached and chased their victim, and either Moye or Rochester shot him in the leg and hit him over the head with an object while he was on the ground. *Id*. ¶¶ 24, 31. Moye and Rochester then fled. *Id*.

On September 3, 2015, a grand jury in this District returned a sealed Indictment charging Moye and seven others with crimes arising from their alleged involvement in the Leland Avenue Crew. *See* Dkt. 1 ("Indictment"). The Indictment charged Moye with three counts: (1) a racketeering conspiracy, alleging a pattern of racketeering activity consisting of multiple acts of murder and multiple acts of drug distribution, *see* 18 U.S.C. § 1962(d); (2) a conspiracy to distribute and possess with intent to distribute 280 grams and more of cocaine base, *see* 21 U.S.C. §§ 846, 841(b)(1)(A); and (3) the use and carrying of a firearm in relation to a crime of violence, namely, the racketeering conspiracy, as well as the possession of firearms in furtherance of the

conspiracy, and the aiding and abetting of the same, with firearms being discharged, *see* 18 U.S.C. §§ 924(c)(1)(A)(iii), 2.  Indictment ¶¶ 1-9, 13-15, 18.[1]

On October 24, 2016, Moye pleaded guilty before the Honorable William H. Pauley III[2] to a two-count Superseding Information.  *See* Dkts. 114 ("Superseding Information"), 115, 139 ("Plea Tr.").  Like the original Indictment, Count One charged a racketeering conspiracy from in or about 2012 through in or about September 2015, involving multiple murder-related offenses in violation of New York law and the distribution of controlled substances, including crack cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841.  Superseding Information ¶¶ 1-9.  And like the original Indictment, the Superseding Information charged a violation of 18 U.S.C. § 924(c) in Count Two.  *Id.* ¶ 10.  However, while the Indictment's section 924(c) charge was predicated on only a crime of violence, the Superseding Information's was predicated on both a crime of violence and a drug trafficking crime.  *Id.*  The underlying crime of violence was the racketeering conspiracy charged in Count One and the underlying drug trafficking crime was a conspiracy by Leland Avenue Crew members to distribute crack cocaine in violation of 21 U.S.C. § 846.  *Id.*

At Moye's guilty plea hearing before Judge Pauley, the prosecutor noted that the Superseding Indictment added a narcotics conspiracy as a predicate underlying the section 924(c) charge.  Plea Tr. at 2-3.  Moye confirmed at the plea hearing, under oath, that he understood that the Superseding Indictment charged him with "the use, carrying and possession of firearms . . . in relation to . . . a narcotics trafficking crime."  *Id.* at 10.  He also allocuted that he "was affiliated

---

[1] Another defendant, James Capers, was additionally charged in various counts related to the murder of Allen McQueen.  *See* Indictment ¶¶ 10-12 (18 U.S.C. §§ 1959(a)(1), 2), 16 (21 U.S.C. § 848(e)(1)(a); 18 U.S.C. § 2), 18 (18 U.S.C. §§ 924(c)(1)(A)(iii), 2).  Moye was not charged in these counts or otherwise alleged to have been involved in McQueen's murder.

[2] This case was previously assigned to Judge Pauley and was reassigned to the undersigned on July 6, 2021.

3

with the Leland Avenue Crew," that he "knew its members would engage in . . . the sale of crack cocaine in quantities which totaled more than 280 grams," and that "during the course of selling crack cocaine at times [he] possessed a firearm." *Id.* at 20.

On September 15, 2017, Judge Pauley sentenced Moye to ninety-six months of imprisonment on Count One and sixty months on Count Two, to be served consecutively. Dkts. 240, 251. On April 13, 2020, Moye moved *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his section 924(c) conviction must be vacated in light of Supreme Court precedent that followed his conviction. Dkt. 270 ("Motion"). The Government opposed on June 22, 2020. Dkt. 276 ("Opposition").

## II. Legal Standards

Title 28, United States Code, Section 2255 permits inmates in federal custody to challenge the constitutionality of their sentences:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted).

A conviction under section 924(c) entails a mandatory consecutive term of imprisonment when a defendant used or carried a firearm during, or possessed a firearm in furtherance of, a

"crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). And it defines a "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). The latter definition of "crime of violence" under section 924(c)(3)(B) is commonly called the "Residual Clause."

### III. Discussion

Moye argues that the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), requires the vacatur of his sentence. Motion at 1, 4-5. In *Dimaya*, the Supreme Court considered the definition of "crime of violence" in 18 U.S.C. § 16(b). That statute defined "crime of violence" as including "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* The Supreme Court held this provision to be unconstitutionally vague, suffering from the same problems that the Court had previously identified in *Johnson v. United States*, 576 U.S. 591, 596-602 (2015), as fatal to the definition of the term "violent felony" in the Armed Career Criminal Act. *Dimaya*, 138 S. Ct. at 1213-16; *see id.* at 1215 (explaining that section 16(b) "calls for a court to identify a crime's 'ordinary case' in order to measure the crime's risk" and creates "uncertainty about the level of risk that makes a crime 'violent'").

5

While *Dimaya* addressed section 16(b), the Supreme Court turned to the definition of "crime of violence" under section 924(c)(3)(B)'s Residual Clause the following year in *Davis*. Applying a categorical approach, the *Davis* Court held that the Residual Clause of section 924(c)(3)(B) is also unconstitutionally vague. 139 S. Ct. at 2336. The Government concedes that, in light of *Davis*, the racketeering conspiracy charged in Count One of the Superseding Information cannot support Moye's section 924(c) conviction. *See* Opposition at 4.

The analysis does not end there, however. *Davis* had no impact on sentences imposed for offenses under the "drug trafficking crime" prong of section 924(c)(1)(A). *See, e.g.*, *Estrada v. United States*, No. 13 Cr. 272 (PGG), 2020 WL 6048302, at *4 (S.D.N.Y. Oct. 11, 2020); *United States v. Rhodes*, No. 12 Cr. 31 (VM), 2020 WL 1814116, at *1 (S.D.N.Y. Apr. 9, 2020); *Harris v. United States*, No. 15 Cr. 445 (PAE), 2019 WL 5887386, at *1 (S.D.N.Y. Nov. 12, 2019). As noted above, a "drug trafficking crime," for purposes of section 924(c)(1)(A), includes "any felony punishable under the Controlled Substances Act (21 U.SC. 801 *et seq.*)." 18 U.S.C. § 924(c)(2).

Whereas the original Indictment charged a section 924(c) offense with only one predicate, the racketeering conspiracy, the Superseding Information to which Moye pleaded charged a section 924(c) offense with two predicates, a racketeering conspiracy and a drug trafficking conspiracy in violation of the Controlled Substances Act. *Compare* Indictment ¶ 8 *with* Superseding Information ¶ 10. Thus, two predicate offenses supported Moye's section 924(c)(1)(A) conviction: the racketeering conspiracy charged in Court One and the conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. The latter is a "drug trafficking crime" for purposes of section 924(c).

At Moye's guilty plea hearing, he confirmed under oath that he had read and understood the Superseding Information, including specifically that Count Two entailed as predicates both "a

6

crime of violence *and a narcotics trafficking crime*." Plea Tr. at 10 (emphasis added).  In fact, at the onset of the hearing, the prosecutor specifically noted that the Superseding Information "add[ed] an additional object," which was "a narcotics conspiracy." *Id.* at 2-3.  Judge Pauley further confirmed with Moye that he had read and understood his plea agreement, which similarly mentioned both predicates, and had discussed that agreement with his attorney before singing. *Id.* at 17-18; *see* Opposition, Exh. A at 1.  And during his allocution, Moye explicitly admitted to carrying firearms when trafficking in narcotics.  *See* Plea Tr. at 20 ("From at least 2012 to 2015 I affiliated myself with the Leland Avenue Crew in the Bronx.  While I was affiliated with the Leland Avenue Crew, I knew its members would engage in criminal conduct such as attempted acts of violence upon rival gang members, and the sale of crack cocaine in quantities which totaled more than 280 grams. . . .  [D]uring the course of selling crack cocaine at times I possessed a firearm.").

A "drug trafficking crime" therefore was a predicate offense for Moye's section 924(c) conviction.  And one qualifying predicate offense is sufficient to sustain that conviction.  *See United States v. Walker*, 789 F. App'x 241, 244-45 (2d Cir. 2019); *accord In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (explaining that "a § 924(c) conviction [can be] fully supported by . . . drug-trafficking crimes, and . . . therefore [lie] outside the scope of *Davis*, . . . [e]ven assuming [a] companion [underlying] offense. . . no longer qualifies").  While Moye was not independently convicted of the cocaine trafficking conspiracy, a separate conviction is not necessary to sustain a section 924(c) predicate.  *See Johnson v. United States*, 779 F.3d 125, 129-30 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it.").

## III. Conclusion

Because *Davis* had no impact on the validity of the drug trafficking predicate to Moye's section 924(c) conviction, his motion to vacate his sentence is denied. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 269 in case 15 Cr. 607, to close case 20 Civ. 3059, and to mail this order to the *pro se* movant.

SO ORDERED.

Dated: November 9, 2021
New York, New York

　　　　　　　　　　　　　　　　　　　　　JOHN P. CRONAN
　　　　　　　　　　　　　　　　　　　　　United States District Judge